IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES GUNN, Jr.,

    Petitioner,                                No. CIV S-04-1804 MCE KJM P

    vs.

EDWARD S. ALAMEIDA, Jr., et al.,

    Respondents.                         FINDINGS AND RECOMMENDATIONS

/

         Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He challenges his Glenn County conviction for attempted voluntary manslaughter and use of a firearm, arguing that trial counsel misled him about the consequences of his guilty plea and coerced the plea.

I. Background

         On November 14, 2002, an amended information was filed in Glenn County Superior Court, charging petitioner with one count of attempted murder, which was alleged to have been committed willfully, deliberately and with premeditation.  The information also alleged that petitioner intentionally discharged a rifle and personally used a rifle in connection with count one.  In count two, petitioner was charged with child endangerment, and in count three, with attempting to dissuade the victim of count one from reporting the offense.  In count

1

four, petitioner was charged with the lesser related offense of attempted voluntary manslaughter and was alleged to have used a firearm in connection with that offense. Lodged Document (Doc.) 10.

On November 15, 2002, petitioner pled guilty to one count of attempted voluntary manslaughter in violation of California Penal Code sections 664 and 192(a) and admitted that he had used a gun within the meaning of California Penal Code section 12022.5(a)(1). Docs. 1 & 12. The probation report notes that during an argument with his wife petitioner fired a rifle and the bullet passed by his wife's head. Doc. 11 at 7-9.

Petitioner was sentenced to a total term of seven years. Doc. 2. He did not file an appeal from his conviction.

On July 24, 2003, petitioner filed a petition for a writ of habeas corpus in Glenn County Superior Court, which was denied on July 31. Docs. 4 & 5. On August 13, 2003, he filed a petition in the state Court of Appeal, alleging ineffective assistance of counsel; this was denied August 21, 2003 in a one line order. Docs. 6 & 7. Petitioner pursued his state remedies by filing a petition for a writ of habeas corpus in the California Supreme Court on September 4, 2003; the court issued its one line order denying the writ on May 19, 2004. Docs. 8 & 9.

II. Standards Under The AEDPA

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any

/////
/////
/////
/////
/////
/////

1  claim decided on the merits in state court proceedings unless the state court's adjudication of the
2  claim:

>      (1) resulted in a decision that was contrary to, or involved an
>      unreasonable application of, clearly established federal law, as
>      determined by the Supreme Court of the United States; or
>
>      (2) resulted in a decision that was based on an unreasonable
>      determination of the facts in light of the evidence presented in the
>      State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").  See Ramirez v. Castro, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[1]  Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d).  Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000), in which Ninth Circuit required district courts to review state court decisions for error before determining whether relief precluded by § 2254(d)).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

/////

/////

/////

---

[1] In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta."  However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees.  Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief.  See Lockyer, 538 U.S. at 70-71; Ramirez, 365 F.3d at 773-75.

3

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

III. <u>Analysis</u>

Petitioner alleges that trial counsel was ineffective, rendering his guilty plea involuntary. The basis of this claim appears to be twofold: counsel did not ensure that petitioner be given a "hearing device" and, as a result, he could not hear during the plea proceedings. He also alleges that counsel told petitioner to say yes to the court's questions when counsel tapped on his legal tablet and to say no when counsel wiggled his finger. Moreover, although the pleading is not totally clear, it appears that petitioner is alleging that counsel misled him as to the sentence that could be imposed following his plea. Pet. at 5a; Mem. P. &. A. at 2 (counsel tricked petitioner into believing he was pleading to a term of four years).

The Superior Court's order is the last reasoned state decision on petitioner's claim of ineffective assistance of counsel:

> This petition is unintelligible as to the requested relief. Assuming that the grounds for the relief is the incompetence of the counsel, the Court summarily denies the petition.
>
> To establish that counsel's assistance was sufficiently ineffective to justify the issuance of a Writ of Habeas Corpus, the petitioner must first demonstrate the counsel's performance fell below an objective standard of reasonableness under prevailing norms. Defendant must also show that if counsel's performance fell below acceptable standards in some respect a reasonable probability existed a more favorable outcome would have been reached absent the deficient performance. That probability must be sufficient to undermine confidence in the outcome of the proceedings. With respect to the instant Petition for Relief on Habeas Corpus, the Court finds Petitioner's allegations lacking in substance sufficient to meet the initial pleading requirements for relief on grounds of incompetence of counsel.
>
> No prima facie claim for relief is stated. According [sic], the petition is denied.

Doc. 5 at 1-2 (internal citation omitted).

/////

/////

/////

The federal law on claims of attorney ineffectiveness is well established:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

Strickland v. Washington, 466 U.S. 668, 687 (1984). "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 688. The court then must determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. Id. at 688-89. It is also petitioner's burden to establish prejudice. Id. In the context of a guilty plea, petitioner can establish prejudice if he shows "that there is a reasonable possibility that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner has to meet both prongs in order to show ineffective assistance of counsel.

    A. The Purported Four Year Deal

In his points and authorities, petitioner alleges that counsel deceived him into pleading guilty by telling him he would be sentenced to four years. Mem. P. & A. at 2. In his declaration, petitioner claims that at sentencing on January 2, 2003, he "refused to accept a seven (07) year deal in this case," and that the judge asked counsel to consult with petitioner. Counsel told petitioner's family that, "If your husband doesn't take the seven (07) year deal, he will get forty-seven (47) years . . . !" Pet., Ex. F. Petitioner's daughter, Lorie Stumbaugh, avers that trial counsel told the family that petitioner would be sentenced to approximately fifty years in prison if he did not accept the plea bargain. She does not identify exactly when this meeting occurred or suggest that there was any discussion of an earlier, four-year deal. Pet., Ex. G.[2]

---

[2] If counsel in fact told petitioner and his family that he faced fifty years in prison upon conviction of all counts, this was an underestimate: attempted murder, undertaken with

1    During the plea colloquy, the court informed petitioner that the maximum
2 punishment that could result from his plea was fifteen and a half years, which petitioner
3 acknowledged. Doc. 1 at 3. Petitioner told the court that he had been made no promises other
4 than the prosecutor's agreement to dismiss the other charges. Id.
5    In addition, petitioner initialed and signed a plea form, which again
6 acknowledged that the maximum term petitioner faced was fifteen years, six months. Doc. 12 at
7 2. This form was given to the court at the beginning of the plea proceeding, which the court
8 noted for the record. Doc. 1 at 2.
9    "[T]he representations of the defendant, his lawyer, and the prosecutor at [a
10 change of plea] hearing, as well as any findings made by the judge accepting the plea, constitute
11 a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court
12 carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).
13    Petitioner attacks the written plea form and the plea colloquy on several grounds.
14 First, he alleges that he could not hear what the judge said and only responded "yes" or "no"
15 when prompted by trial counsel. Pet. at 5a. At the plea colloquy, counsel told the court that
16 petitioner "has a very serious hearing problem." Doc. 1 at 2. At the end of the hearing, the judge
17 noted that he had raised his voice so the defendant could hear. Doc. 1 at 4. In spite of
18 petitioner's acknowledged hearing problem, the record does not support petitioner's claim that he
19 acted as an automaton in response to counsel's direction. At the beginning of the proceeding,
20 instead of answering yes or no, petitioner told the court that he could not hear him "very well;" it
21 was apparently then that the judge raised his voice. Doc. 1 at 2. At another point, petitioner told
22 the court he did not hear the question, so the court repeated it. Doc. 1 at 3. This shows petitioner

---

premeditation and deliberation, carries a term of life with the possibility of parole. Cal. Pen. Code § 664(a) (life with the possibility of parole). Additional time could be added for the various weapons allegations and additional charges. Cal. Pen. Code § 12022.53 (c) (discharge of a firearm; consecutive term of twenty years); Cal. Pen. Code § 273a(a) (child endangerment; county jail for a year or two, four or six years in state prison); Cal. Pen. Code § 136.1 (c)(1) (dissuading a witness; two, three or four years in prison).

could not hear only a few questions, which were repeated when he made his difficulties known to the court.

Next, petitioner alleges that the signature and initials on the plea form are not his and offers several samples of his signature for a comparison. Pet. at 5-a; Traverse at 10 & Ex. A. The court has compared the signatures in Exhibit A to the traverse and on lodged document number 12 and finds them sufficiently similar to support the conclusion they were made by the same person. See United States v. Alvarez-Farfan, 338 F.3d 1043, 1045 (9th Cir. 2003); 28 U.S.C. § 1731. This claim is specious.

Finally, petitioner points to the fact that the probation officer recommended a total term of four years, six months. Mem. P. & A. at 3; Traverse at 11. However, the probation report was prepared after the plea was entered and its recommendation played no part in the plea colloquy. Petitioner was not referred to the probation office for preparation of a report until the conclusion of the plea proceedings and the probation office offered only a recommendation, not a binding condition, that petitioner receive the lower term on both the substantive offense and the weapons enhancement. Doc. 11 at 5, 14.

Petitioner's somewhat shifting claims that he was inadequately informed do not rebut the "strong presumption" that counsel properly informed him of the maximum when the parties filled out the plea form and that petitioner accepted that representation. Counsel's advice did not render the plea involuntary.

B. A Hearing Device

Petitioner argues that counsel's failure to ensure that petitioner had a hearing device rendered his plea involuntary because he could not hear the court's questions or advisements. As noted above, however, petitioner's responses to the court show he was not afraid to speak up when he could not hear. Moreover, the colloquy itself was buttressed by the written plea agreement, which the judge accepted in open court. Petitioner's claim that he could not hear and responded only as a puppet controlled by counsel is not borne out by the record.

1  See Hartman v. Blankenship, 825 F.2d 26, 31 (4th Cir. 1987) (petitioner faces "imposing barrier"
2  to impeach written plea agreement acknowledged in open court).
3           Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a
4  writ of habeas corpus be denied.
5           These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
7  days after being served with these findings and recommendations, any party may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
10 shall be served and filed within ten days after service of the objections.  The parties are advised
11 that failure to file objections within the specified time may waive the right to appeal the District
12 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
13 DATED: August 24, 2007.

_____
U.S. MAGISTRATE JUDGE

2

gunn1804.157